```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSA DYMECK,                     :
                                 :
          Plaintiff              :    No. 4:CV-05-2314
                                 :
     vs.                         :    (Complaint Filed 11/7/05)
                                 :
NBTY, INC., ET AL.,              :    (Judge Muir)
                                 :
          Defendants             :
```

ORDER

April 4, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 28, 2006, Plaintiff Rosa Dymeck filed an amended complaint pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. §§ 1001 et seq. This action arises out of an employee stock ownership plan offered by the Defendant NBTY, Inc., known as the NBTY, Inc. Employees' Stock Ownership Plan (the "Plan"). Plaintiff alleges that she retired on January 30, 2004, and attempted to obtain a distribution from the Plan. Plaintiff claims that at the end of 2003 her stock in the Plan had a value of $322,527.90. Plaintiff claims that immediately after she retired she contacted the Plan and requested the election forms to obtain a distribution but that the Plan did not send her the election forms until July, 2004. Plaintiff alleges she ultimately received a distribution in late 2004 but that the value of her stock was $122,000.00 less than it was at the time of her retirement in January of 2004. As relief Plaintiff requests that she be awarded $122,000.00 which she alleges are the additional benefits due her based on what she

would have received if the Plan had appropriately made a distribution when she requested one in early 2004.  Plaintiff also requests interest, attorney's fees and costs of the litigation.

On March 8, 2006, Defendant filed a motion to dismiss the amended complaint and a brief in support thereof.  Defendant contends that the amended complaint should be dismissed for Plaintiff's failure to exhaust the administrative remedies provided for under the Plan.  Plaintiff filed a brief in opposition on March 9, 2006.  The motion became ripe for disposition on March 27, 2006, with the filing of Defendant's reply brief.

A plaintiff seeking benefits under an ERISA plan, such as the one involved in this case, generally must first exhaust administrative remedies provided for under the plan before filing an action in this court.  <u>Harrow v. Prudential Ins. Co. of America</u>, 279 F.3d 244, 249 (3d Cir. 2002).  The exhaustion requirement, however, may be excused "where resort to administrative remedies would be futile because of the certainty of an adverse decision . . . [and] when resort to the administrative remedies is clearly useless."  <u>Communication Workers of America v. American Tel. And Tel. Co.</u>, 40 F.3d 426, 432 (D.C. Cir. 1994); <u>see also</u> <u>Kriner v. GTE Products Corp.</u>, 1990 WL 597393 *3 (M.D.Pa. July 10, 1990)(Muir, J.)("Normally, we would remand this matter to the trustee for the appropriate review because federal courts generally do not entertain an

action under ERISA to recover benefits when the party bringing the action has failed to exhaust administrative remedies.  The Court, however, may excuse a claimant seeking benefits under an ERISA plan from exhausting administrative remedies where resort to such administrative remedies would be futile or the remedy would be inadequate. Because GTE is the plan administrator and because GTE has stated that Kriner is not entitled to benefits, the Court is of the view that requiring Kriner to submit her claim to GTE for administrative review is futile.")(citations omitted)).

  Plaintiff in the amended complaint admits that she did not exhaust her administrative remedies.  Furthermore, there are no allegations in the amended complaint from which we could conclude that exhaustion would be futile.  Plaintiff in her brief in opposition does not expressly argue that exhaustion would be futile.  However, Plaintiff does hint at a futility argument when she states that the administrative remedies procedures are "inadequate."  Moreover, Plaintiff attaches to her brief in opposition a letter purportedly written by Irene B. Fisher, the General Counsel for the Plan, which suggests that exhaustion of administrative remedies would be a futile effort.  As noted above, the primary contention of Plaintiff is that there was a delay in the distribution of retirement benefits which resulted in Plaintiff receiving a smaller distribution then she would have received if the distribution occurred promptly after she made the

request in early 2004. Ms. Fisher in the letter attached to the brief in opposition states in relevant part as follows:

> Our records indicate that Ms. Dymeck has never elected to receive her distribution in any particular manner. In fact, our records further indicate that the first contact from Ms. Dymeck to NBTY, Inc. was on June 9, 2004 by a voicemail message addressed to Ms. Lori Collura of NBTY's benefits department. Our records further indicate Ms. Collura returned Ms. Dymeck's call on June 10, 2004, leaving her a voicemail. The first "live" conversation between Ms. Dymeck and Ms. Collura occurred on June 14, 2004. On or about August 2, 2004, NBTY had sent an election form to Ms. Dymeck. To this day, Ms. Dymeck has yet to execute this election form. Therefore, we disagree with your assertion that Ms.Dymeck "requested immediate transfer of her stock ownership plan and cash account. She customarily contacted your company to see when she would be receiving her distribution." Facts are simply that this is not the case.
>
> \*   \*   \*   \*       \*       \*           \*
> We believe that NBTY has complied with the [Plan] and therefore has no liability to Ms. Dymeck. . . .

This letter suggests that Defendant may have prejudged Plaintiff's claim that there was an improper delay in the distribution which resulted in a loss. Consequently, we will deny Defendant's motion to dismiss but require Plaintiff to file a second amended complaint specifically alleging facts which show that it would be futile to exhaust her administrative remedies.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss (Doc. 22) the amended complaint is denied.[1]

---

1. Our ruling on this motion does not preclude the Defendant from reasserting the exhaustion argument in a motion for summary judgment after discovery has been completed.

      2.   Plaintiff within 30 days of the date of this order may file a second amended complaint in accordance with the background of this order.  Failure to file a second amended complaint will result in the dismissal of this action.

                                    s/Malcolm Muir
                                    MUIR, U.S. District Judge

MM:gs